```
1              IN THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF TEXAS
2                      BROWNSVILLE DIVISION

3
     UNITED STATES OF AMERICA      )
4                                  )
                                   )
5    VS.                           ) CRIMINAL ACTION NO.
                                   ) B-18-CR-8
6                                  )
     RODNEY MESQUIAS, HENRY        )
7    MCINNIS AND FRANCISCO PENA    )
                                   )
8

9
                          TRIAL - DAY TEN
10           BEFORE THE HONORABLE ROLANDO OLVERA
                      NOVEMBER 4, 2019
11

12

13                   A P P E A R A N C E S

14
      FOR THE UNITED STATES:
15
          MR. KEVIN LOWELL
16        MR. ANDREW SWARTZ
          MR. JACOB FOSTER
17        ASSISTANT UNITED STATES ATTORNEY
          BROWNSVILLE, TEXAS 78520
18

19    FOR THE DEFENDANT RODNEY MESQUIAS:

20        MR. CHARLES BANKER
          ATTORNEY AT LAW
21        118 Pecan Boulevard
          McAllen, Texas 78501
22
          MR. HECTOR CANALES
23        MR. TONY CANALES
          ATTORNEYS AT LAW
24        2601 Morgan Avenue
          Corpus Christi, Texas 78405
25
```

```
 1   FOR THE DEFENDANT HENRY MCINNIS:

 2        MR. ED CYGANIEWICZ
          ATTORNEY AT LAW
 3        1000 E. Madison Street
          Brownsville, Texas 78520
 4
     FOR THE DEFENDANT FRANCISCO PENA:
 5
          MR. ROBERT GUERRA
 6        ATTORNEY AT LAW
          55 Cove Circle
 7        Brownsville, Texas 78521

 8   FOR THE DEFENDANT FRANCISCO PENA:

 9        MS. ADRIANA ARCE-FLORES
          ATTORNEY AT LAW
10        1414 Victoria Street
          Laredo, Texas 780404
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                    THE COURT:  Thank you, everyone.  Please be

2       seated.

3                    Good morning.

4                    Gentlemen, announcements?

5                    MR. TONY CANALES:  May I address the Court,

6       Your Honor?

7                    THE COURT:  Yes, Mr. Canales.

8                    MR. TONY CANALES:  Tony Canales on behalf of

9       Mr. Mesquias.

10                    In the absence of the jury, we'd like to

11      inform the Court that Defendant Mesquias will --

12                    COURT REPORTER:  Mr. --

13                    THE COURT:  And -- and --

14                    MR. TONY CANALES:  I'll come on up.

15                    In the absence of the jury, I'm going to

16      inform the Court that we're going to present -- we're

17      going to rest.

18                    THE COURT:  All right.

19                    MR. TONY CANALES:  And I have -- I think --

20      Mr. Cyganiewicz.

21                    MR. CYGANIEWICZ:  We have the same

22      announcement, Your Honor.  We don't plan -- this was

23      discussed with my client in detail on numerous times,

24      including yesterday, and we're not going to call any

25      witnesses.  Mr. McInnis has elected not to testify and

```
 1    we're going to rest also.
 2              THE COURT:  Mr. Guerra?
 3              MR. GUERRA:  Yes, Your Honor, that's
 4    correct.  On behalf of Dr. Francisco Pena, we do not
 5    intend to call any witnesses.  Dr. Pena will not be
 6    testifying.  We've discussed this with our client, and
 7    as such, we will rest as well.
 8              THE COURT:  Thank you, gentlemen.
 9              MR. TONY CANALES:  May I continue,
10    Your Honor?
11              THE COURT:  Yes, Mr. Canales.
12              MR. TONY CANALES:  I spoke to opposing
13    counsel before the Court came in as to talk about some
14    kind of a scheduling.
15              We have a joint recommendation to the -- for
16    the Court regarding scheduling.  We recommend to the
17    Court, with the Court's approval, that the Court, after
18    we rest in front of the jury, that the Court send the
19    jury home, that the jury come back in the morning, and
20    that today we'll have a charge conference.  It's -- it
21    will be a long charge, a lot of typing to do, a lot of
22    sheets.
23              I have -- for example, I have analyzed and
24    have given a copy to opposing counsel, all the proposed
25    Fifth Circuit pattern jury charges that the Government
```

1   has proposed, I'll be more than glad to share it with

2   the Court's clerk, and be able to show that there's some

3   that they did not include that we would like to be

4   included.  And on top of that -- but, that's pattern

5   jury charge stuff, that's -- that one is easy.

6              And of course, I have about 13, 14 special

7   instructions, jury instructions for the jury,

8   Your Honor, that I think needs to have some -- some

9   in-depth argument to the Court.  They're not your

10   standard type of -- type of instructions.

11              So because of that, and not to be hurried

12   for jury argument, I submit to the Court, if the Court

13   agrees with that, send the jury home and we come back

14   tomorrow morning.  They'll be fresh; we can argue all

15   day.  I don't know how much time you're going to give us

16   to argue, but as you well know lawyers want to have all

17   the time in the world for that.  And so that's something

18   for the Court also to consider.  We have not discussed

19   that part of the case yet, but anyway -- I just wanted

20   to inform the development we had today, Your Honor.

21              THE COURT:  All right.  Thank you,

22   Mr. Canales.

23              Mr. Lowell, your response?

24              MR. LOWELL:  No opposition to taking the

25   rest of the day to confer on the jury charge and come up

1   with a set of jury instructions to submit for the

2   Court's consideration.

3           THE COURT:  All right.  Gentlemen, just

4   obviously, just shooting from the hip very quickly, the

5   Court concurs that the Court wants to give each party

6   significant and adequate time to prepare the charge.

7   Obviously, I imagine it's going to be a complex

8   document.  The only possible option I might consider

9   is -- well, if we could somehow get it -- well, let's

10  let the jury go home and we'll -- we'll --  we'll -- our

11  goal is to get it done as quickly as possible, but I

12  contemplated maybe reading it to them late and allowing

13  arguments first thing, but that's fine.

14          We'll let them go home and we'll get --

15  we'll start everything tomorrow morning.

16          MR. TONY CANALES:  Thank you, Your Honor.

17  Can I hand over to your clerk what I -- what I think is

18  the -- the list of pattern jury charges that they have

19  submitted and the ones -- the ones that I think are

20  missing, or we'll do that during the charge conference?

21          THE COURT:  Well, at this -- let's go ahead

22  and go off the record.

23          COURT REPORTER:  Yes, sir.

24          (Discussion off the record.)

25          MR. CYGANIEWICZ:  Judge, just a simple

1    request.  I know you instructed the jury, you know, and

2    when they were empaneled, when we left on Friday the

3    last thing the Court said to the jury was that the

4    Defendants will begin their case on Monday.

5            I'm asking, on behalf of everyone to, again,

6    caution the jury and instruct the jury just for a few

7    seconds about, again, Defendant does not have to prove

8    anything and that they're presumed innocent.  Just to

9    remind them that they were left with an impression that

10   we will be --

11           THE COURT:  I think I -- I said in the

12   original instructions that during the course of the

13   trial, the Government goes first and then the Defense,

14   but, yes, we'll clarify that.

15           MR. CYGANIEWICZ:  Thank you, Judge.

16           THE COURT:  Anything else?

17           MR. CYGANIEWICZ:  Want to discuss the time

18   for argument now or later, Your Honor?

19           THE COURT:  How much time do you all want

20   foreclosing?

21           MR. LOWELL:  Your Honor, the Government

22   requests respectfully an hour and 45 minutes for both

23   closing and rebuttal.

24           THE COURT:  And gentlemen, how much time

25   does each side want for closing?

1              MR. HECTOR CANALES:  I didn't hear, what did

2      the Government --

3              MR. CYGANIEWICZ:  One forty-five.

4              THE COURT:  One forty-five.

5              MR. HECTOR CANALES:  Well, I'd like the same

6      that they ask for, Judge.

7              MR. CYGANIEWICZ:  I don't know if I'd use

8      that, but I would --

9              MR. HECTOR CANALES:  I don't either, but I'd

10     like the opportunity to have equal time.

11             THE COURT:  And --

12             MR. CYGANIEWICZ:  Or an hour and a half?

13             THE COURT:  I mean, gentleman, you -- you

14     each opened in less than 30 minutes, do you think you're

15     going to triple the amount for closing?

16             MR. LOWELL:  It's possible.

17             THE COURT:  All right.  I would think that

18     an hour would be sufficient, that would be double

19     your -- your openings, but I mean, let's discuss this.

20     I mean, do you really want a full hour -- I'm not going

21     to give you an hour and 45, I'll consider an hour and a

22     half.  That's triple your openings, but I would think

23     double is adequate but --

24             MR. HECTOR CANALES:  We can do it in an hour

25     and a half, Judge, we can.

1              THE COURT:  All right.  Let's give everybody

2    an hour and a half.

3              You want -- how do you want to split it up,

4    an hour first or --

5              MR. LOWELL:  An hour for closing, rebuttal

6    30 minutes.

7              THE COURT:  All right.  And you each want?

8              MR. HECTOR CANALES:  An hour and a half.

9              THE COURT:  I mean, obviously each side is

10   going to get the same amount, not that -- I don't expect

11   everybody to use it, but that's fine.  All right.

12             MR. LOWELL:  Your Honor, the only issue is

13   just in estimating this time, we have the jury

14   instructions to go through with the jury, we have the

15   elements of each of the offenses and that obviously adds

16   to the time, so we're just trying to make sure that we

17   have an adequate cushion to get through all of that.

18             MR. HECTOR CANALES:  Starting at 9:00, we

19   will.

20             THE COURT:  Well, an hour and a half for

21   everybody, that's conceivably six hours, that's a whole

22   day, but all right, conceivably.  All right.  Let's --

23   let's bring the jury on in.  We'll give everybody an

24   hour and a half.  Be careful what you wish for, you may

25   get it.

```
1              MR. LOWELL:  Your Honor -- Your Honor, may I
2     raise a couple other issues?
3              THE COURT:  Sure.
4              MR. LOWELL:  So I just want to confirm for
5     the record that counsel for Mesquias had discussions
6     with Defendant Mesquias and that Mr. Mesquias has
7     elected not to testify.
8              MR. TONY CANALES:  Yes, Your Honor, we did
9     have discussions with Mr. Mesquias.  We were informed
10    the Government, he has elected not to testify, Your
11    Honor.
12             We were -- we were informed that the
13    Government has visited some of our witnesses, and as a
14    result of visiting some of our witnesses, a couple of
15    them have informed us that if we were -- if we were to
16    call them, they would plead the fifth, therefore, I
17    cannot call them knowing in advance that they're going
18    to plead the fifth; and, therefore, that has really
19    changed our -- our strategy and Mr. Mesquias knows about
20    it, and we have elected -- he has elected not to
21    testify, Your Honor.
22             THE COURT:  Anything else?
23             MR. LOWELL:  Your Honor, one other issue.
24    We had filed Motions in Limine, and I just wanted to
25    raise just two issues for the Court.
```

1        We would ask the Court to preclude the

2   Defense from making any arguments, comments or

3   references to, number one, whether or not this was a

4   selective or vindictive prosecution.

5        In reviewing the transcript for the opening,

6   we saw that counsel for the Defendants had made

7   references to this being a selective prosecution.  We

8   would ask this Court to preclude the Defense from doing

9   that in their closing argument.

10        And the concern, Your Honor, is that the

11   jury here is to -- here to decide the guilt or innocence

12   of the three Defendants sitting in this courtroom and

13   that's confusing, causes prejudice, if the jury is

14   trying to consider whether or not other Defendants

15   should also be held guilt -- should also be held

16   accountable, or whether or not they should have

17   been charged.  Has nothing to do, no bearing on the

18   specific objective that they're here to decide, which is

19   the guilt or innocence of these three Defendants.

20        That's the first issue.

21        MR. GUERRA:  Your Honor, I believe this --

22   this issue has already been argued and decided upon by

23   the Court.

24        Earlier last week when we had this sort of

25   testimony, counsel for the Government raised these

1    issues already.  The evidence is already in, they --

2    they -- they objected, the Court said, well, I'm going

3    to allow it, this is a viable defense.  I don't

4    understand why -  why this is an issue again.

5             But to the extent that it is, we would argue

6    that it is a viable defense.  You have evidence elicited

7    from both sides, not just by the defense, by both sides

8    talking about actions taken by other doctors, Gonzaba,

9    Pelly, Posada, we heard the list, who are doing the

10   exact same thing.

11            The jury's already this evidence.  We

12   believe it is a viable argument, and we believe it is

13   one that all --  all of the Defendants are entitled to

14   make in front of the jury.

15            We can't unring that bell.

16            MR. CYGANIEWICZ:  Judge, more specifically

17   Ms. McMillan, the first witness who was the Medicare

18   expert, the Government's own witness, testified that

19   they could have been kicked out of the program, there

20   was no guidance on what makes it criminal, she discussed

21   administrator and civil options.

22            The point is that that testimony is -- is

23   before the jury.  I'm not going to argue personally that

24   it's vindictive or selective, but we can comment on the

25   testimony of Ms. McMillan on the options she outlined.

```
 1    I don't believe there's anything inappropriate,
 2    especially since that testimony is already in front of
 3    the jury.
 4              MR. LOWELL:  May I respond, Your Honor?
 5              THE COURT:  Yes.
 6              MR. LOWELL:  On the selective, vindictive
 7    prosecution point.  We had asked the Court if we could
 8    submit -- if this objection was raised earlier, we asked
 9    the Court if we could submit a brief on this point and
10    we did so over the weekend.
11              And the law is this:  Any claim of selective
12    prosecution is a pretrial legal question for the Court
13    to decide under the specific procedures under Rule
14    12(b)3, it's not a factual question regarding the
15    Defendant's guilt for the jury.  The deadline for making
16    such a motion is long past.
17              THE COURT:  Gentlemen, let's -- I'll do
18    this.  Let me review the brief.  I'm assuming the
19    Defense didn't have a chance to -- if it was just
20    filed with a response.
21              MR. GUERRA:  At 2:00 or 3:00 yesterday
22    afternoon, Your Honor.
23              THE COURT:  All right.  Let me review
24    everything; I'll take -- I'll take the issue under
25    advisement.
```

1          Is there any -- are there any miscellaneous

2    matters I need to take under advisement, or late filings

3    I need to review?

4          MR. LOWELL:  No, Your Honor.

5          THE COURT:  All right.  Let me review the

6    filings, let me review the brief, I'll consider the --

7    gentlemen, again, the Court's already -- I believe the

8    Court -- Mr. Guerra's correct in term of the word

9    selective.

10          Now, I -- the Court is distinguishing -- the

11   Court will not allow a comment about a vindictive

12   prosecution, so that's -- that's -- that's -- that's --

13   that would -- but, let me consider the selective

14   argument, let me read the brief and we'll go forward

15   from there.

16          MR. GUERRA:  And I don't think we've ever

17   used the word vindictive, and we don't --

18          THE COURT:  It's just a phrase that's being

19   used in conjunction, so let's cut out the vindictive

20   part.

21          MR. GUERRA:  Right.

22          THE COURT:  That's easy.  Let me review the

23   selective issue.

24          Anything else?

25          MR. GUERRA:  No, Your Honor.

1              THE COURT:  Let's bring the jury, let's send

2   them home and then you can speak to me even more.

3              All right.  Let's bring them in.

4              COURT OFFICER:  All rise for the jury.

5              (JURY IN.)

6              THE COURT:  Ladies and gentlemen of the

7   jury, again, please be seated.  Everyone be seated.

8              Welcome back.  I hope everyone had a nice

9   weekend and we're ready to proceed.

10             Ladies and gentlemen of the jury, at this

11  time, I do have an update for all of you.  And the

12  Defense has elected to rest.  I remind you that -- of my

13  previous instructions to you.  Perhaps, in explaining

14  the general course of a trial, I stated on Friday, or in

15  the opening instructions, that a normal course proceeds

16  in stages.  The Government goes first and the Defense

17  goes second.

18             The Defense though, I remind you, also had

19  the Constitutional right, as I also instructed you that

20  not to testify, and I instructed you to that every

21  Defendant is presumed innocent until proven guilty, and

22  because of those standards, the burden of proof never

23  shifts to the Defense, and they have the Constitutional

24  right not to testify if they so elect and you cannot

25  hold that against them.

1          So we are now -- have received an update

2    that the Defense has elected not to testify and has

3    rested.

4          And with that being said, the next stage is

5    for the parties, each party has, again, the -- the right

6    to submit a prospective charge.  The Court will review

7    the charge and prepare its own charge.

8          The charge is a template, the guide, the

9    Bible, the instructions, the manual, whatever synonym

10   you want to use, that will guide you through your

11   deliberations.

12         Now, as you're well aware, this has been a

13   lengthy trial.  There's numerous exhibits, there's

14   numerous issues, the charge is going to take some time

15   to organize and draft and produce.

16         So what we're going to do is give you the

17   rest of the day off, the parties and the Court will

18   prepare the charge, we will read the charge to you

19   tomorrow morning, each side will then present their

20   closing arguments and then you will begin your

21   deliberations.

22         But rather than you just be waiting around

23   while we're working on this very lengthy document, I'm

24   going to go ahead and send you home.

25         So with that being said --

```
 1              MR. HECTOR CANALES:  Your Honor, excuse me.
 2              THE COURT:  Yes.
 3              MR. TONY CANALES:  On the record, we'd like
 4   the opportunity to say that the Defense rests on the
 5   record.
 6              THE COURT:  Excuse me.
 7              MR. TONY CANALES:  And I'm more than sure
 8   the Government closes.
 9              THE COURT:  That --  let me -- that is
10   right.  They're going to do their formal closing first,
11   but I wanted to give you this update and these
12   instructions.
13              So with that being said, the Court has given
14   you this update, gentlemen, let's go ahead and
15   procedurally, on the record in front of the jury
16   finalize everything I've just said.
17              Mr. Canales, what says the Defense as to
18   your client Mr. Mesquias?
19              MR. TONY CANALES:  The Defense for
20   Mr. Rodney Mesquias rests, Your Honor.
21              THE COURT:  Thank you, Mr. Canales.
22              Mr. Cyganiewicz on behalf of Mr. McInnis?
23              MR. CYGANIEWICZ:  We also rest, Your Honor.
24              THE COURT:  Mr. Guerra, on behalf of
25   Dr. Pena?
```

1            MR. GUERRA:  Your Honor, on behalf of
2   Defendant Dr. Pena, we rest.
3            THE COURT:  Thank you, gentlemen.
4            MR. GUERRA:  Thank you, Your Honor.
5            THE COURT:  Mr. Lowell, based upon the
6   announcements of counsel, what says the Government?
7            MR. LOWELL:  Thank you, Your Honor.
8            The Government rests.
9            THE COURT:  Thank you, gentlemen.
10           All right.  Ladies and gentlemen, now you
11  heard the formal announcements, you've just heard my
12  instructions, have a pleasant day, relax, but tomorrow
13  you start your hard work in terms of deliberation.
14           All right?  We'll see you, again, tomorrow
15  at 9:00 a.m.
16           COURT OFFICER:  All rise for the jury.
17           (JURY OUT.)
18           THE COURT:  Mr. Lowell, Sheila.
19           COURT REPORTER:  Yes, sir.
20           THE COURT:  Let's go back on the record.
21  Mr. Lowell, clarify your prior statement as to what says
22  the Government in terms of its case in chief.
23           MR. LOWELL:  Government closes, Your Honor.
24           THE COURT:  Thank you, Mr. Lowell.
25           All right.  Gentlemen, do we have rough

1  drafts ready, or -- to -- to submit to the clerks in

2  terms of the charge?

3          MR. HECTOR CANALES:  Yes, Your Honor.  Can I

4  talk to the clerk -- may I speak to the clerk?

5          THE COURT:  Let's go ahead -- these are my

6  two clerks, Sandra is, as you already know, the second

7  Judge, get everything to them and let's get -- let's get

8  to work.

9          COURT OFFICER:  All rise.

10          (COURT IN RECESS.)

11          MR. CYGANIEWICZ:  Well, first of all, we had

12  filed a --

13          THE COURT:  One second, one second.

14          MR. CYGANIEWICZ:  Sorry, Judge.

15          THE COURT:  Sheila, let me know when you're

16  ready.

17          COURT REPORTER:  I'm ready.

18          THE COURT:  All right.  Go ahead.

19          MR. CYGANIEWICZ:  On behalf of Mr. McInnis

20  we had filed previously proposed jury instructions, but

21  I think everything we filed was already included in

22  Mr. Canales' original filings.

23          The only really other reason I wanted to get

24  on the record, I want to make sure that -- can we have

25  an understanding that all of the requests by Mr. Canales

```
1   on behalf of Mr. Mesquias, Mr. McInnis is joining and
2   adopting, and any rulings by the Court on requested jury
3   charges regarding a request by Mr. -- Mr. Canales, we'd
4   like -- to have the understanding that's also a ruling
5   against the other Defendants.
6               So we're basically letting Mr. Canales take
7   the lead on the jury instructions, we'll have the same
8   requests, and I want the same requests adopted by -- for
9   Mr. McInnis and the same rulings, Your Honor.
10              THE COURT:  Understood.
11              MR. GUERRA:  And on behalf of Defendant
12  Pena, we -- we join in that request as well, Your Honor.
13              THE COURT:  All right.
14              MR. CYGANIEWICZ:  And everything we have
15  requested is already presented to the Court on file.
16              THE COURT:  All right.
17              MR. GUERRA:  And for Defendant Pena the
18  same, Your Honor.
19              THE COURT:  All right.
20              Mr. Lowell, where are we with the
21  Government's prospective charge?
22              MR. LOWELL:  Your Honor, we did submit a
23  complete set.  I believe we made some slight amendments
24  to it over the weekend and we're submitting that to the
25  Court in just a few minutes.
```

```
 1              THE COURT:  All right.  So back to -- and
 2   just in terms of the timeline, the clerks should have
 3   everything within the next few minutes, next 15 minutes,
 4   at least -- at the latest, correct?
 5              MR. TONY CANALES:  Yes, they have it
 6   already, Your Honor.
 7              THE COURT:  Very good.
 8              MR. LOWELL:  Yes, Your Honor.
 9              MR. TONY CANALES:  And he's nodding his
10   head.
11              THE COURT:  No, no, no.  I wanted to
12   finalize the submission of everything, almost,
13   basically, immediately which if you need 15 minutes
14   that's fine.
15              Anything else, gentlemen?
16              MR. LOWELL:  No, Your Honor.
17              THE COURT:  All right.  And as I said, the
18   individual Defendants are free to leave if they so
19   desire.
20              All right.  We'll be in recess.
21              (COURT IN RECESS.)
22              THE COURT:  Thank you, everyone.  Please be
23   seated.
24              Gentlemen, the Court has concluded the final
25   draft of the jury charge, but we are literally making
```

1   nine copies for each respective attorney.  So while the

2   copy machine is working, I thought we would be efficient

3   to, at least, address the -- the Government's Motion in

4   Limine.

5            At this time, the Court is ready to make its

6   Motion in Limine unless there's further argument

7   requested by either side?

8            MR. GUERRA:  Not on the defense, Your Honor.

9            THE COURT:  All right.  Gentlemen, as to the

10  Motion in Limine, the -- the Court will grant the

11  Government's Motion in Limine on the issue of selective

12  prosecution.

13           Court finds that the record is undisputed

14  and the Court confirmed that the Defense did not file a

15  motion requesting that issue pursuant to Rule 12(b)3(a)4

16  so the Court grants the issue as to not making any

17  arguments to the jury suggesting -- suggesting selective

18  prosecution.

19           However, the Court will slightly amend the

20  issue on the -- with respect to the testimony of

21  Ms. McCauley, obviously the Defense is instructed not to

22  make arguments that the Government must have or should

23  have pursued a civil or administrator matter, but

24  Ms. McCauley did testify that there were options

25  available which included the administrative option and

1    civil option as part of the investigative -- the

2    Government's discretion to investigate.

3            That testimony is part of the record, so if

4    the Defense wants to reference Ms. McCauley's testimony

5    as to the options available to the Government, even

6    though they're not mutually exclusive, the Defense --

7    the Court would grant that issue.  But statements saying

8    that the Government should have done any of those other

9    options would not be allowed.

10           Anything else on that issue?

11           MR. CYGANIEWICZ:  No, Your Honor.

12           MR. LOWELL:  Just --

13           THE COURT:  And am I pronouncing her name --

14   was it --

15           MR. GUERRA:  McMillan, Your Honor.

16           THE COURT:  Did I -- I think I said

17   McCauley, I'm sorry, McMillan.

18           What's her full name, Laurie?

19           MR. LOWELL:  Laurie McMillan.

20           THE COURT:  Laurie McMillan.  Forgive the

21   error, Sheila, I meant Laurie McMillan.

22           All right.  Gentlemen, as I said we should

23   have those -- the drafts.  I'll give you just a little

24   bit of time -- well, I'll give you a reasonable amount

25   of time to go through them.

```
 1              If the parties agree on a deletion, or if
 2   the parties agree on an insertion, the Court will
 3   consider it, otherwise, I'll hear your objections
 4   shortly.  But I want to give you some time to review it.
 5              So let's get those -- let's get to that next
 6   stage.
 7              Mr. Canales, you had referenced that you
 8   wanted to bring up some miscellaneous matters to the
 9   Court as well, not having to do with the jury charge?
10              MR. TONY CANALES:  That's fine.  Maybe just
11   at the end it would, I think prudence dictates that we
12   make another Motion for Judgment of Acquittal on the
13   sufficiency of evidence, even though we rested and there
14   was no counter evidence at all, but I think there's some
15   case law that if you don't do it again we might consider
16   it be waived, so at some point in time when it's all
17   said and done.
18              THE COURT:  Would you like do it now while
19   we're killing some trees or --
20              MR. HECTOR CANALES:  Sure.  We can do -- we
21   can do -- we can do it now.
22              THE COURT:  I mean, literally it's going to
23   take some time to get those nine copies out, so we have
24   some time.
25              MR. TONY CANALES:  My lawyer is going to
```

```
 1   make the argument, Mr. Canales.
 2              THE COURT:  And gentlemen, out of an
 3   abundance of caution before you make those motions,
 4   you're waiving -- you're waiving the appearance of your
 5   clients?
 6              MR. TONY CANALES:  Yes.
 7              THE COURT:  While you make those; is that
 8   correct?
 9              MR. HECTOR CANALES:  Yes, Your Honor, that
10   is correct?
11              MR. GUERRA:  Yes, Your Honor, that's
12   correct.
13              THE COURT:  All right.
14              MR. CYGANIEWICZ:  Judge, we're also asking,
15   again, that we could adopt the argument by Mr. Canales
16   on behalf of Mr. McInnis, and I'm sure the other
17   Defendants, instead of repeating the same arguments,
18   we'd like a ruling regarding all Defendants, and we're
19   requesting the same remedies and relief that Mr. Canales
20   will be requesting, Your Honor.
21              THE COURT:  That is granted in -- in -- and
22   if you wish to supplement, that's fine, if you wish to
23   say ditto that's fine as well.
24              Are you ready, Mr. Canales?
25              MR. HECTOR CANALES:  Yes, Your Honor.  Thank
```

1    you, Your Honor.

2              Hector Canales on behalf of Rodney Mesquias.

3    At this time, Your Honor, we -- we reurge the Motion or

4    Judgment for Acquittal that Defendants made at the close

5    of the Government's case in chief, and we reurge those

6    based on the same grounds.

7              And we'd like to highlight, Your Honor, in

8    that motion that -- and those are as to all counts that

9    Mr. Mesquias is -- is indicted on, including the

10   indictment, superseding indictment.

11             Specifically, Your Honor, we would move on

12   the basis of that there is no evidence, no sufficient

13   evidence in the record to support a conviction

14   against -- against Mr. Mesquias, and that we would point

15   out to the Court, again, United States v Ganji, that

16   there is insufficient evidence to infer that Rodney

17   Mesquias engaged in it any health care fraud, or any

18   anti-kickback violation of the Anti-Kickback Statute.

19             We'd also point out to the Court that the

20   evidence that came from, in particularly the

21   Government's last witness, Mr. Petron, that that

22   evidence of -- of claims data is -- is insufficient to

23   establish any fraud, and that it -- and it's limited in

24   nature.

25             And also at this point, I'd like to bring

1    up, I think that this is the instance where we had a

2    discussion with the Court earlier about a limiting

3    instruction as it relates to that claims data.

4            One second here.  Let me find where my --

5    the -- under -- under Ganji, clearly liking Ganji, the

6    Court would like the -- certainly this jury and this

7    Court to infer guilt from those numbers, from the

8    $150,000,000, from all of the other summary evidence

9    that Mr. Petron put on in their -- in his -- in his

10   testimony.

11           However, the Fifth Circuit says that in that

12   situation that the most a jury could infer from this

13   evidence was that, instead of having -- that is a

14   preference for doctors referring their patients to a

15   home health care agency, or to a hospice agency in which

16   they are a medical director and receiving medical

17   director fees.

18           Ms. McMillan testified, the Government's

19   expert, that such a relationship was only properly, but

20   in fact, under the rules and regu -- Medicare

21   regulations, a hospice agency and home health agency are

22   required to employ a medical director.

23           Thus, Your Honor, there is insufficient

24   evidence to support an agreement, or a conspiracy simply

25   by inferring it from the fact that doctors, such as

1    Dr. Virlar or Dr. Carrillo, were referring patients of

2    theirs to a -- to a hospice in which they are home --

3    which they're a medical director.

4              This would also apply to Dr. Gonzaba,

5    Dr. Pelly, Dr. Escamilla, all the doctors that have been

6    mentioned in this case and, therefore, since that

7    activity, in and of itself, the referrals, is not

8    illegal, it is -- it is, according to the Fifth Circuit,

9    that evidence of those numbers is insufficient to

10   sustain any inference that Rodney Mesquias and those

11   doctors, in particular Dr. Virlar, that that is evidence

12   of an agreement to defraud Medicare.

13             We would request, in addition to the

14   Judgment of Acquittal, in the alternative, that the

15   Court instruct the -- the jury, as it is indicated you

16   would in the charge, as to the limitation of this claims

17   data and this information, specifically, that such

18   information is not evidence of a conspiracy or

19   sufficient to prove a -- a conspiracy.

20             One second, Your Honor.

21             As the Court knows, one cannot negligently

22   enter into a conspiracy, and furthermore, Your Honor,

23   there is no evidence, or insufficient evidence that a

24   reasonable jury could find guilt beyond a reasonable

25   doubt that my client, Rodney Mesquias, knew that the

1    claims submitted were of fraudulent claims.

2              Again, in -- in Ganji, the jury may not

3    infer -- if -- if -- the jury may not infer from

4    evidence of a -- of a claim and stretch that inference

5    of evidence of a -- of a false claim into a second

6    inference that my client, Mr. Mesquias, knew that that

7    patient was not -- was not terminal.

8              So there are two steps here.  First, that

9    the Government, one, I don't believe they even met step

10   one, which is to prove that the claims, for instance in

11   Counts Two through Seven, that those claims themselves

12   were fraudulent, that they were not terminal.  I think

13   the evidence does not support that.

14             Even if it does, however, that fact in and

15   of itself does not -- you can't stretch that into the

16   second step, which would be to prove that the individual

17   Defendants knew that that claim was fraudulent, that

18   they were not terminal.

19             And so we would submit to the Court that

20   a -- an acquittal is proper on that grounds, one.

21             Counts Two to Seven, there are no, we think

22   they can't show that those were false claims because

23   it's the opinion, it's left down to the opinion of --

24   you have a dispute between, for instance, in Count Two,

25   where Count Two was certified by Dr. Gonzaba and you

1    have a Dr. Virlar saying no.

2            And so that's simply a -- a difference of --

3    of -- of medical judgment, which cannot support a

4    finding of -- of fraud.

5            If somehow or another you get over that

6    hurdle, then there's no evidence you can't take that

7    inference and apply it to make another inference of

8    intent, willful intent or knowledge of it.

9            My client did not sign a single

10   certification.

11           So based on that, Your Honor, we would

12   respectfully request that the Court dismiss all counts

13   against Defendant Mesquias, and I think on behalf of the

14   other Defendants against all other Defendants as well.

15           THE COURT:  Thank you, Mr. Canales.

16           Does -- Mr. Cyganiewicz anything you want to

17   add?

18           MR. CYGANIEWICZ:  Judge, I -- I would also

19   like to adopt Mr. Canales' argument on behalf of

20   Defendant McInnis and again ask the Court to grant a

21   Motion of Acquittal on -- as to Mr. McInnis on Counts,

22   One, Two through Seven, Eight and 11 for those reasons

23   explained by Mr. Canales, and also in addition, the

24   Government has failed to prove all the elements of all

25   those offenses beyond a reasonable doubt and we'd ask

1    for a Court's ruling granting a Motion for Directed

2    Verdict of Acquittal.

3            THE COURT:  Mr. Guerra?

4            MR. GUERRA:  Your Honor, on behalf of

5    Defendant Francisco Pena, we incorporate the arguments

6    and adopt the arguments made by Mr. Canales and

7    Mr. Cyganiewicz on behalf of Dr. Pena and move, once

8    again, and reurge our Motion for Acquittal on Counts

9    One, Three, Eight, Nine, Ten and 12.  And in particular,

10   we do adopt the arguments made by Mr. Canales with

11   reference to United States v Ganji.

12           We also move for a -- our Motion for

13   Acquittal on Count 12, which is the Anti-Kickback

14   Statute given that is duplicative of conspiracy counts

15   and alleged by the Government in Count One.

16   Specifically, Subparts I and J, which, basically outline

17   as part of a conspiracy an artifice to accept kickbacks

18   for referrals which goes to the heart of Count 12 which

19   is the Anti-Kickback Statute.

20           We believe it's duplicative and would cause

21   confusion for the jury, it's another just crack at the

22   apple for the Government; so for that reason,

23   Your Honor, we also move that on behalf of Dr. Pena be

24   acquitted -- the -- a Motion for Acquittal for Count 12

25   as well.

1              Thank you, Judge.

2              MR. TONY CANALES:  Just to help counsel, he

3    said -- he said duplicitous.  It's not duplicitous, I'll

4    submit to the Court, it's -- it's multiplicity.

5              MR. GUERRA:  I said duplicative.  I would

6    never accuse the Government of being duplicitous,

7    Your Honor, I said duplicative.

8              MR. TONY CANALES:  The issue then -- bring

9    it up because this was my idea.  Count One, Count One is

10   a subpart, has Subpart I.

11             And on Count One Subpart I talks about a

12   part of the conspiracy is to be able to pay the

13   kickbacks, kickbacks and also to pay for the

14   face-to-face.

15             Then we go down to -- that's what they

16   allege.  Then we go down to Count 12 and they allege the

17   same thing, another conspiracy.  Count One's a

18   conspiracy count, Count 12 is also a conspiracy count.

19   Alleging the same events that -- that are alleged in

20   the -- in the first count.

21             I think that falls under the so-called

22   theory of multiplicity which means that you're being

23   charged for the same -- in two different counts -- for

24   the same -- for the same factual offense.

25             And I submit to the Court that I think it's

1    error for the Court to allow this and we ask the Court

2    to dismiss Count 12 because that's a smaller conspiracy

3    versus the bigger conspiracy on Count One.

4             So I submit to the Court that Count 12 is --

5    is multiplicity of the first count, so we ask the Court

6    to dismiss Count 12, Your Honor, on behalf of all

7    Defendants.

8             Thank you, Your Honor.

9             THE COURT:  The Court understands the

10   distinction between multiplicity, duplicative

11   and duplicitous.

12            MR. GUERRA:  Thank you, Your Honor, I

13   appreciate that.

14            THE COURT:  All right.  Mr. Lowell,

15   Government's response, please?

16            MR. LOWELL:  Thank you, Your Honor.

17            So as to Mr. Mesquias's arguments with

18   respect to Mr. Petron who testified he was the last

19   Government witness in this case, he testified about the

20   claims data.

21            As the Court will recall, Mr. Petron walked

22   through the claims data the total billed paid, the kind

23   of services that were submitted, he was able to tie

24   those claims to Dr. Francisco Pena who was able to tie

25   those claims to specific entities that were owned and

1   controlled and/or controlled by Rodney Mesquias and

2   Henry McInnis.

3          That testimony reinforces, corroborates,

4   supports the numerous witnesses who worked for these

5   companies who described the fraud.

6          What Mr. Petron gave the Court and gave the

7   jury was hard data that supported the testimony, the

8   observations by the employees who worked for this

9   company in real time.

10          And just in addition to that, Your Honor, it

11   was part of this scheme that Henry McInnis and Rodney

12   Mesquias directed others, including Dr. Carrillo,

13   including Dr. Virlar to rubber-stamp these fraudulent

14   and false orders to promote and expand the fraud.

15          And so as to Rodney Mesquias, as to the

16   specific charges in this case, viewing the evidence in

17   the light most favorable to the Government, Defendant

18   Mesquias cannot meet, as he must, the demanding standard

19   under Rule 29.

20          As to Henry McInnis, same -- same set of

21   facts.  Rodney Mesquias, Henry McInnis working together

22   as the number two -- number one and two in the company

23   respectively, directed others, nurses, doctors and other

24   employees to carry out this fraud.  The specific claims,

25   Counts Two through Seven are -- are discreet, specific

1    executions of that fraud and they're consistent with the

2    broad directives that they would give to employees and

3    give to doctors to falsify claims.  Those are just

4    examples of those directives.

5              Finally, as to Francisco Pena and the -- the

6    argument about the conspiracies, we have two different

7    statutes.  We have a conspiracy to violate the -- the

8    1349, which is the health care fraud conspiracy, and

9    then we have a conspiracy to violate Title 42, which is

10   the Anti-Kickback Statute, two totally different

11   statutes, different elements, different sets of facts

12   that we have to offer and prove.

13             I will say that as to the health care fraud

14   conspiracy, it was a part of that conspiracy to refer

15   patients, it was part of the conspiracy to send

16   patients, but the Government, particularly in this

17   district and in the Fifth Circuit routinely alleges that

18   it's part of the manner and means of a health care fraud

19   conspiracy to refer patients, to pay kickbacks to

20   doctors to refer those patients.

21             And so, Your Honor, two different statutes,

22   we don't have a multiplicity issue here.

23             THE COURT:  Thank you, Mr. Lowell.

24   Gentlemen, each --

25             MR. HECTOR CANALES:  Your Honor, just for

1    the record, if you would indulge me.

2             THE COURT:  Sure.

3             MR. HECTOR CANALES:  The -- the claims data

4    in the exhibits, the $150,000,000, and really all of

5    Mr. Petron's testimony, the Court will recall, was

6    admitted over the objections of Defendants at pretrial.

7             All the exhibits, the 37 pages or so that we

8    went over, all of the claims data, the A series exhibits

9    as they have -- have been admitted, Defendants objected

10   to those, Your Honor.  Namely, because they went outside

11   of -- on -- on relevancy, and also on *Daubert* grounds as

12   well.

13            Because, Your Honor, as you might recall

14   with his testimony, although Mr. Petron was a

15   statistician, he was not offered as an -- as an expert,

16   and he did not provide any statistical analysis in this

17   case.

18            He did, however, on cross admit that the six

19   patients that make up Counts Two to Seven were not the

20   product of a random eyed sample.

21            And so, therefore, Your Honor, there is zero

22   evidence, there is zero competent evidence that -- that

23   these six patients are representative of the entire

24   9,339 patient population that's out there.

25            As such, under *Daubert*, under the Asera case

1    out of the 11th circuit, also out of the -- the Wall

2    case I cited in our previous oral motion from the Chief

3    Judge out of the Northern District, and it's just a

4    basic tenant of evidence, no statistic -- no -- no

5    extrapolation may be made from these six to the entire

6    whole.

7            And that's why we had the objection to even

8    be able to offer this -- all of this other claims data

9    because there is no way -- the Government, if they want

10   to prove $100,000,000, then they have to prove it either

11   one of two ways; by proving each and every patient being

12   false, that obviously is a monumental task, but they

13   still could do it; or, in lieu of that, the Courts have

14   recognized a statistical extrapolation.

15           That was not done here.  So it is -- I want

16   to make clear for the -- for the record that all that

17   evidence was admitted, and any evidence as it relates to

18   the six cannot be extrapolated to the whole and, again,

19   Your Honor, that was part of the reason -- that was the

20   reason we asked for that limiting instruction because,

21   if not, what the Government is trying to do is simply --

22   is to make that inference, oh, 70 percent, 80 percent

23   and throw this number up there and use that -- those --

24   these general numbers to confer a conspiracy, to confer

25   actual fraud, to confer a kickback and they simply have

1    not met the -- they don't have the -- they haven't done

2    the work to do that.

3                And so we would object, again, to that

4    introduction and also incorporate that as part of our

5    motion.

6                Thank you for indulging me, Your Honor.

7                THE COURT:  Any final comments, Mr. Lowell?

8                MR. LOWELL:  Your Honor, I would just -- I

9    would just note, if I may, that I believe counsel's

10   conflating the sentencing phase with the punishment

11   phase.

12               The Government is not required to prove

13   specific loss at this stage of the proceeding.

14   There's evidence that's in the record that indicates

15   that the loss is substantial, but the Government, of

16   course, is not required to prove loss at this specific

17   stage of the proceeding.

18               MR. HECTOR CANALES:  It's an evidentiary

19   point, Judge, in -- in this matter.

20               THE COURT:  Thank you, gentlemen.  All

21   right, gentlemen respectfully, each of the respective

22   defense motions is denied.

23               I believe -- I believe you've each been

24   handed the final jury instruction.  Please take a very

25   brief moment to review them, formalize your objections.

1          If the parties agree on any deletion or

2   insertion, the Court will consider it.

3          The Court will reconvene momentarily.

4          MR. TONY CANALES:  Well, I beg your pardon,

5   Judge, I've been trying to read as fast as I can since I

6   got a copy of the proposed instructions.

7          There's a question that I have.  You keep

8   talking about as charged in the indictment.  Is the

9   Court going to submit the indictment to the jury,

10  Your Honor?  I don't think you should.

11         We would object to the Court giving a copy

12  of the indictment to the jury, Your Honor.  Everything

13  should be in the charge not in the indictment.

14         THE COURT:  The Court has no plans to -- to

15  submit the indictment.

16         MR. TONY CANALES:  Thank you very much,

17  that's all I wanted to hear, Your Honor.

18         THE COURT:  Thank you.

19         MR. TONY CANALES:  Thank you.

20         THE COURT:  Only the exhibits will be going

21  to the jury and the jury charge.

22         (COURT IN SHORT RECESS.)

23         THE COURT:  Thank you everyone.  Please be

24  seated.

25         Gentlemen, are the parties ready to proceed

1   with their respective objections to the jury charge?

2            MR. TONY CANALES:  Your Honor, Tony Canales

3   on behalf of Mr. Mesquias, Your Honor.

4            Let me give my objections and to -- in two

5   parts.

6            THE COURT:  All right.  Well, no -- well,

7   before we begin, ready with your objections?

8            MR. LOWELL:  Yes, Your Honor.

9            THE COURT:  Everybody else?  Yes?

10           MR. GUERRA:  Yes.

11           MR. CYGANIEWICZ:  Yes, Your Honor.

12           THE COURT:  All right.  Let's proceed with

13   your objections, Mr. Canales.

14           MR. TONY CANALES:  So I can kind of dispose

15   of something that we -- to be pretty clear.

16           We object to the Court's failure to include

17   in the jury charge our proposed jury instruction, for

18   example, that we submitted on -- on the 07/19/19 at

19   document number 242.

20           In that -- in that particular matter,

21   Your Honor, what we -- I -- I requested of the Court and

22   the Court has not -- obviously, the Court has not given

23   it to me, therefore, I submit the Court has committed

24   error in not giving it to me.  It's the one that says,

25   good faith defense of charge of intent to defraud.  I

1    submitted that the Court, the Court -- I would ask the

2    Court to sign my proposed instruction by saying denied.

3              We also object to the Court's failure again

4    on the -- on the docket entry file 242 where we had a

5    requested instruction regarding how to meet the burden

6    of proof in Counts Two to Seven and the Court did not

7    provide that one.  We ask the Court to sign refuse.

8              While I'm there, Judge, you -- the Court's

9    charge does not describe or detail the specifics of

10   Counts Two through Seven as to the dates of treatment of

11   the patients, nor the hospice care or the dates.

12             All you say on Counts two is that a fraud

13   was committed on a particular patient without giving a

14   description of the time or date.

15             I submit to the Court the Court's failure to

16   give us a description as alleged in the indictment, as

17   what the jury heard, that is, for example, for -- for

18   each one of them, you would have a particular date of

19   certification and so forth, and the Court has not done

20   that.  I think -- I think the Court should do that and

21   we believe it's the failure to say that in the charge, I

22   think is error, and we request the Court provide at

23   least the -- the chart that was part of the indictment.

24             And I do not see that, so we request also --

25             THE COURT:  Well, one second, Mr. Canales.

1   Again, it appears that you have more than -- let --
2   let's break this up into bits and pieces, or at least --
3   not bits and pieces, but for each objection, obviously I
4   want to give the Government --
5               MR. TONY CANALES:  Oh.
6               THE COURT:  -- an opportunity to respond and
7   then we'll go onto each objection.  So before you move
8   on to your next objection, are you finished with what
9   you were just saying on that one?
10              MR. TONY CANALES:  Yes, I finished on the
11  very first one was the issue of the -- the good faith
12  defense to the charge of intent to defraud.
13              THE COURT:  All right.  Government's
14  response to that issue, please.
15              MR. LOWELL:  Your Honor, on the good faith
16  defense, the Government objects to this -- to this
17  instruction.
18              There's been no evidence, no facts in the
19  record to support that the Defendants had an honestly
20  held belief, or honestly formed belief that would
21  mitigate or undermine intent in this case.  There's just
22  been no evidence of that.
23              THE COURT:  So, again, let's -- before we
24  move on to your next one, that specific objection is
25  overruled.

1          MR. TONY CANALES:  Very well.

2          THE COURT:  Next objection?

3          MR. TONY CANALES:  Yes.  I would ask request

4    the Court, at some point in time for housekeeping

5    matters, for the Court enter the -- sign the -- sign the

6    request as -- as refused.  And it's under docket number

7    242, Your Honor.  Or I can -- I can bring the Court a

8    clean copy tomorrow.

9          THE COURT:  Yeah, the Court is happy to

10   issue an order on when it overrules, but it's part of

11   the record as well so --

12         MR. TONY CANALES:  Very well.

13         THE COURT:  Please proceed with your next

14   objection.

15         MR. TONY CANALES:  The next one, Judge, is

16   the -- is my request for a more detailed instruction

17   regarding what was submitted docket number 242 request

18   instruction number two.  And that's, again, it's -- it's

19   more detailed as to how -- what is it that needs to be

20   proven as to Count Number Two.

21         What the Court has -- what the Court has

22   done, I submit to the Court, is incomplete.  The Court's

23   proposed jury charge does not mention at all any

24   specific dates, any specific hospice matters, or any --

25   all it does is says Count Two charges Defendant Rodney

1  Mesquias with health care fraud in connection with
2  Medicare beneficiary Jack High and then each one of
3  them.
4          But that's not the way the theory of the
5  case went, that's not the allegation of the indictment,
6  and that's not what came in.  What came in was whether
7  or not it was a hospice issue, a proper certification on
8  a particular date.
9          And I submit to the Court that those dates
10  are the dates that are alleged in the indictment for
11  Count Two through Count Seven respectively.
12          So I submit to the Court the Court's
13  failure -- the Court's failure to bring the detail of
14  that matter, I think is depriving us of -- of what the
15  charge is supposed to be, and we object to the Court's,
16  one, failure to include it; and second, failure to
17  include my requested charge as requested number --
18  instruction number two, Your Honor.
19          THE COURT:  Government's response, please?
20          MR. LOWELL:  Your Honor, we have no
21  objection to adding the specific dates of the claims or
22  the certification periods to that portion of the
23  instruction.
24          THE COURT:  Well, then, gentlemen, did you
25  have a -- let -- and I -- I understand that -- that -- I

1   mean, we're on somewhat of a time constraint.

2          Is there any issue -- did you have a chance

3   to discuss this before we started to place things on the

4   record?

5          MR. LOWELL:  Not -- not --

6          MR. TONY CANALES:  Shortly.  Very briefly,

7   Judge.

8          THE COURT:  All right.  Let me -- back to

9   what I said initially, if there are any issues that the

10  parties are in agreement with be either inserted or

11  deleted, the Court will be happy to -- to do so.

12         So if -- as in this particular instance,

13  it's now come to my attention both parties want dates

14  entered that were not entered, the Court will -- will do

15  so.

16         MR. TONY CANALES:  Well, I -- I would

17  suggest that all we have to do is just copy what's in

18  the indictment, the -- the items two -- Counts Two to

19  Seven because they've got the dates and the

20  certification periods and everything else.

21         That's what I'm suggesting.

22         THE COURT:  Gentlemen, again, Mr. Lowell?

23         MR. LOWELL:  Again, we have no -- we have no

24  objection to adding the dates and its information from

25  that chart to that specific portion of the jury

instruction.

MR. HECTOR CANALES: We also need to just inquire, include it in the verdict form as well as to those particular counts, not just in the instructions but then in the actual question that's going to be answered we need to make sure it's in there as well.

MR. TONY CANALES: In the verdict form, Your Honor.

THE COURT: Again, gentlemen, if you all agree -- it's the Court's charge, but if you agree -- if both parties agree the Court will be happy to enter the chart wherever you mean appropriate.

MR. TONY CANALES: May I suggest, Judge, that on this particular issue let me draft something tonight, or this afternoon, I can e-mail it to him and I'm more than sure he and I can agree to it and come back to the Court early tomorrow morning with a --

THE COURT: The clerks will be -- let's do this, I mean, I don't know how many issues you're going to agree on, but hypothetically, I think one of my clerks can get to work on inserting a chart right now while we speak as we move on.

MR. TONY CANALES: Very well.

THE COURT: You all flip a coin and go insert the chart where appropriate.

1                        All right.

2                        MR. TONY CANALES:  The next -- the next --

3                        THE COURT:  Wait, wait, procedurally,

4    though, the objection in terms of -- of inserting the

5    chart as requested with respect to the dates is

6    sustained, or -- whether you want it withdraw it as

7    something agreed to, or you want me to sustain it?

8                        MR. TONY CANALES:  Let's see how it comes

9    out, Judge, and then we'll ask the Court to rule on it.

10                       THE COURT:  For the time being -- for the

11   time being let's pass on your objection on that, and you

12   can read the draft that we submit to you including the

13   charge, all right?

14                       MR. TONY CANALES:  Yes, Your Honor.

15                       THE COURT:  All right.

16                       Next objection, please.

17                       MR. TONY CANALES:  In that regard, we also

18   have submitted to the Court a docket number 242, the

19   Defendant's requested instruction number three which we

20   call the safe harbor theory of defense.

21                       And the Court has not at all mentioned at

22   all our safe harbor defense that goes to Count 12 of the

23   indictment, Your Honor.

24                       And we believe we're entitled to the safe

25   harbor defense and we -- we have submitted to the Court

1    a proposed jury instruction on it, and the Court -- the

2    Court has not granted it, has not listed any type of

3    safe harbor theory of defense in the Court's charge and

4    we -- we object to it and we think we should have a -- a

5    safe harbor defense -- theory of defense in the case as

6    to Count 12, Your Honor.

7              THE COURT:  All right.  Mr. Lowell?

8              MR. LOWELL:  Your Honor, the Government

9    objects.  There's been no foundation laid for the

10   insertion of a safe harbor -- safe harbor defense in

11   this case.

12             MR. HECTOR CANALES:  Your Honor, if I may --

13   if I may -- if I may address that.

14             Within the exhibits that were admitted to

15   the -- in the Court, Mr. Mesquias' Exhibits, we have

16   numerous medical directorship agreements that meet the

17   standard of the safe harbor, and that is you have a

18   medical directorship agreement that's in writing, it's

19   for more than one year and it specifies a fee, the

20   testimony in this case is that the -- those fees are

21   $250 an hour.

22             The testimony in this case has been that,

23   one, McMillan established the -- the standard and that

24   such payments made pursuant to are not kickbacks,

25   pursuant to the Anti-Kickback she testified that she was

1    familiar and knew and that was part of her -- her

2    background was on safe harbor Anti-Kickback.

3              We also had testimony from Dr. Virlar about

4    other agreements that he'd entered into to establish the

5    market rate and that, in fact, the payments made for

6    those face-to-face services of $200 an hour and the 250

7    in the contracts were either at or below market rate

8    compared to his agreements that he had with Altus

9    Hospice and CIMA Hospice where they were paying for the

10   same thing under a same written agreements with -- with

11   more.

12             So there's been more than enough evidence

13   from the Government's witnesses, and from our own

14   exhibits that the Court admitted to establish safe

15   harbor in -- instruction.  To do -- to leave that out,

16   Your Honor, would be extremely prejudicial, it would be

17   wrong and -- and -- and in error.

18             MR. GUERRA:  And, Your Honor, Robert Guerra

19   here for Defendant Francisco Pena.

20             The Government has elicited testimony from

21   its own witnesses regarding how these medical -- medical

22   directorship agreements could be an artifice, or a veil

23   for fraud.  And in specific they asked Neal Williams how

24   these could be dressed up as some sort of a way to hide

25   kickbacks.

1        If -- if the jury believes that these are

2   legitimate medical directorship contracts, and as -- as

3   Mr. Canales pointed out Laurie McMillan testified as to

4   what the standards are, then the jury should be allowed

5   to consider the safe harbor defense as part of this

6   instruction.

7        So for those reasons, on behalf of Dr. Pena,

8   we join in the arguments by counsel for Mesquias and

9   request such an instruction be made to the jury as part

10  of this charge.

11           THE COURT:  Anything else, Mr. Canales?

12           MR. TONY CANALES:  No, Your Honor.  And for

13  the record, that's file, again, instruction number three

14  in our -- filed on 07/19/19 document -- document number

15  242 called safe harbor theory of defense.

16           And so we submit it to the Court a -- a

17  proposed jury charge and the Court has not provided in

18  your Court's submission, so I'll take it as being

19  denied, Your Honor.

20           THE COURT:  Mr. Lowell, Government's

21  response?

22           MR. LOWELL:  Your Honor, we would ask just

23  for some additional time to study the language of this

24  instruction, give it a closer read, and then report back

25  to the Court whether we -- we object to it or withdraw

 1    our objection.

 2              THE COURT:  All right.  We'll -- we'll pass

 3    on that as well momentarily.

 4              All right.

 5              MR. TONY CANALES:  May I continue,

 6    Your Honor?

 7              THE COURT:  The Court will take it under

 8    advisement.  As I said, if the parties agree upon it, we

 9    can amend the charge momentarily.

10              Next objection, please.

11              MR. TONY CANALES:  Yes, Your Honor.

12              Again, under docket number 242 filed on July

13    19th, '19, we have Defendants requested instruction

14    number four.  We submitted to the Court -- we submitted

15    this request for the Court to consider as an instruction

16    to consider, the Court has not included in its proposed

17    charge, it reads something like this, Your Honor, real

18    quick like:  The violation of a civil Medicare or

19    Medicaid regulation, if such a violation occurred, is

20    not a criminal offense.

21              You're only to decide whether the Government

22    has proved beyond a reasonable doubt that the Defendant

23    committed a criminal offense charged in the indictment.

24              Violations of internal procedures, standards

25    or rules are not crimes.  You may consider known

1   violations of these rules as you would any other

2   evidence in determining whether the Government has

3   demonstrated the Defendant's specific intent to violate

4   the criminal law.

5               I submit to the Court that that's -- we

6   should have that instruction, the Court has -- obviously

7   has not -- has refused it, Your Honor, and if that's so,

8   I ask for the Court for a docket order that you're

9   refusing this instruction.

10              THE COURT:  Government's response, please.

11              MR. LOWELL:  Again, Your Honor, we

12  respectfully ask for some additional time to review the

13  language in this instruction.

14              THE COURT:  All right.  We'll take it under

15  advisement.

16              MR. TONY CANALES:  Okay.  Next, Your Honor,

17  may I?

18              THE COURT:  Please.

19              MR. TONY CANALES:  Again, this is the -- the

20  Court will find -- find this filed July 19th, '19 --

21  '19, document number 242 of the Defendant's requested

22  instruction number five.

23              This -- our title for this is called

24  violation of interpretive rules and policies.  It's a

25  long, long two-page document.  I don't think I have to

```
 1    read to the Court, it's there already, but it basically
 2    is that they're -- it says the following in summary.
 3                THE COURT:  Let me do this, let me
 4    interject.  Let me -- this is what I'm going to do.  I'm
 5    going to take another recess.
 6                Gentlemen, as I said, use this time to
 7    confer, I wasn't trying to rush you, I just -- I was
 8    advised that you were ready.
 9                MR. TONY CANALES:  Well --
10                THE COURT:  Why don't you go through those
11    pages with Mr. Lowell, see what you can agree to and
12    obviously, as I've already said, if the parties agree to
13    it, if it will -- it will greatly facilitate matters.
14                MR. TONY CANALES:  Yes, Your Honor, we will.
15                THE COURT:  Use this time to confer and just
16    let me know as soon as you're ready, all right?
17                MR. TONY CANALES:  Yes, Your Honor.
18                MR. LOWELL:  Yes, Your Honor.
19                THE COURT:  We'll take a brief recess.
20                (COURT IN SHORT RECESS.)
21                THE COURT:  The parties have handled --
22    excuse me, let's start over, Sheila.
23                The parties have handed me a portion of the
24    Defendant's requested instruction number three.  They're
25    obviously conferring on other issues, but for the
```

1   purpose of time the Court will say that the language on

2   page 5 of said instruction is -- is granted.

3         The majority in part, the Court is only

4   going to exclude -- well, let me -- let me mark it this

5   way.  The parties have already agreed to paragraphs one

6   and two.  The Court will allow that.

7         The parties disagree as to paragraphs three

8   and four, the Court, however, will overrule the

9   Defendant's objection and allow the defenses' insertion

10  of paragraphs three and four.

11        The Court will allow paragraph five.

12  Technically, the parties have already agreed to

13  paragraph five.

14        Paragraph six, the Court will disallow, and

15  then paragraph seven, its entirety, itemized as one

16  through seven, the parties have agreed upon.

17        So aside from paragraph six, the entirety of

18  the Defense request instruction number three will be

19  inserted into the jury charge where appropriate.

20        MR. TONY CANALES:  Except for paragraph

21  number six, right?

22        THE COURT:  Correct.

23        MR. TONY CANALES:  Very well.

24        THE COURT:  And that's an unofficial

25  numbering.  Just count the paragraphs.

1          MR. TONY CANALES:  Yes, Your Honor.  I would

2   like to ask the Court to please reconsider, and we would

3   object to the Court's failure to include the following

4   language from that particular item, which is item number

5   document 242 filed 07/19/19, request number three:  We

6   ask that the Court consider it and say the following,

7   and insert the following:  The fact that a transaction

8   is not protected by statute, or exception, or regulatory

9   safe harbor, however, does not make the transaction

10  unlawful.

11          Even exception or safe harbor does not apply

12  to the transaction the Government must prove each and

13  every other element of the Anti-Kickback Statute

14  described in Count 12 of the indictment beyond a

15  reasonable doubt.

16          We request that particular language -- must

17  prove each and every element of the Anti-Kickback

18  Statute describe in Count 12 of the indictment beyond a

19  reasonable doubt.

20          We request the Court to include that,

21  Your Honor, and I understand the Court has said, no.  We

22  note -- please note our objection.

23          THE COURT:  Mr. Lowell, any response?

24          MR. LOWELL:  Your Honor, briefly, we object.

25  That's argument that Mr. Canales can make to the jury.

1           THE COURT:  Again, the Court respectfully

2    overrules that.  Paragraph five literally states forth

3    the Defendant's burden of proof in terms of the elements

4    that it must prove beyond -- excuse me, that by a

5    preponderance of the evidence, and the proper segue to

6    the elements that it must prove by a preponderance of

7    the evidence are then listed in paragraph seven.

8           The Court finds paragraph six is a -- is a

9    segue that would confuse the jury.  Having nothing to do

10   with the elements described in paragraph five.

11          All right.

12          MR. TONY CANALES:  We are making progress, I

13   believe, and we are working right now, Judge, on the --

14   on the money laundering instruction.

15          THE COURT:  That's fine.

16          Again, gentlemen, we're going to finish the

17   draft today, including your objections, let's -- let's

18   get through it.  I think we're almost there.

19          But as I said, we'll work a little late, if

20   we have to, and my goal is to read the charge and

21   obviously, I'll take your objections, whatever, if any,

22   and whatever remaining they may be before we leave

23   today.

24          MR. TONY CANALES:  Yes Your Honor.

25          THE COURT:  All right.  Let's take a quick

```
 1   recess.
 2                MR. LOWELL:  Your Honor, could -- could we
 3   lodge our -- our objections for the record?
 4                THE COURT:  Yes.
 5                MR. LOWELL:  Just go through them.
 6                THE COURT:  Let's -- in other words, we're
 7   doing this -- I realize in partition because as we go --
 8   but, yes, I'm assuming you want to object to the
 9   insertions of paragraphs two, three and four?
10                MR. LOWELL:  Yes, Your Honor, and we
11   addressed that.
12                What I was going do was just run through the
13   few objections that we do have to the instructions that
14   are in place right now.
15                THE COURT:  All right.  We can do that as
16   well.
17                MR. LOWELL:  So on page 10 of the jury
18   instructions.
19                THE COURT:  All right.  Please proceed,
20   Mr. Lowell.
21                MR. LOWELL:  Your Honor, the Government
22   objects to the evidence on Medicare claims instruction.
23   It reads:  The Government -- it reads in part the
24   Government is not trying to infer that all claims
25   Medicare paid were fraudulent.
```

1           We would ask the Court, and we briefed this

2    issue, we would ask the Court to consider our

3    instruction that we proposed on September 9th, 2019.

4    We've submitted that instruction for the Court's

5    consideration and we think that instruction more

6    accurately captures the law on this point.

7           And so we've conferred with counsel, and our

8    understanding is counsel disagrees with the instruction

9    that we have proposed.

10          THE COURT:  May you -- may I see the

11   instruction?

12          MR. LOWELL:  Yes, Your Honor.

13          THE COURT:  My note from my clerk was that

14   this was an attempt to -- all right.

15          The sentence that was proposed reads:  The

16   Government is not required to prove, etcetera, and in

17   this statement it says the Government is not trying to

18   infer.

19          You're requesting that that first clause be

20   revised to read the Government is not required to prove

21   as opposed to -- is that correct?

22          MR. LOWELL:  Yes, that's correct,

23   Your Honor.  We'd respectfully request that the Court

24   adopt the entirety of the language in our proposed

25   instruction, but that seems to be the most important

1   part.

2              THE COURT:  Well, gentlemen, let's take a

3   quick pause.  Again, I -- I didn't see this in its

4   entirety.  Let me read it very briefly.

5              Mr. Canales, or Mr. Guerra what's your

6   objections to any -- to the language as it exists right

7   now?

8              MR. GUERRA:  Yes, Your Honor.  Our objection

9   is this is the language, this is the issue with regards

10  to the limiting instruction that counsel and the Court

11  have been going over, basically, since the onset of

12  trial.

13             The -- the language inserted on page 10 that

14  the Government is -- is objecting to is, basically,

15  verbatim from the language that the Court gave in its

16  order on pretrial matters, document number 329, page 2,

17  item number two where the -- you know, as the Court is

18  well aware the Court said it will issue a limiting

19  instruction to the jury, that the Government is not

20  attempting to infer all claims Medicare paid were

21  fraudulent.  The jury is to consider only the Medicare

22  claims alleged to be fraudulent.

23             That was in the Court's order on August

24  21st, 2019.  We just ask that the Court issue a limiting

25  instruction consistent with its order on pretrial

1    matters.

2              And so for that reason, on behalf of

3    Dr. Pena, we object to the language being proposed by

4    the Government at this time.

5              MR. CYGANIEWICZ:  Judge, I put up the

6    Court's order, document 329, that Mr. Guerra was

7    referring to.

8              THE COURT:  All right.  Gentlemen,

9    respectfully, the Court will -- to be quite frank --

10   sustain the Government's proposal and overrule the --

11   the Defenses' objection.

12             For whatever reason, and this -- as I stated

13   on numerous occasions, I did not mean for the language

14   in that order to be used as a jury instruction, but for

15   whatever reason, technically, that was basically what

16   was inserted with minor revisions.

17             But the Court does believe that the

18   Government's prospective paragraph is more specific in

19   scope starting without the need of the first sentence.

20             All right.  Do we have the -- the draft of

21   what I submitted to counsel a week -- a week-and-a-half

22   ago that was -- I don't know if it was exactly the same

23   or slightly different?

24             MR. GUERRA:  The proposed instruction,

25   Your Honor?

1            THE COURT:  Yes.

2            MR. TONY CANALES:  It's right here.

3            MS. ARCE-FLORES:  It's right here.  It's

4  right here.

5            MR. TONY CANALES:  Yes.

6            THE COURT:  May I see that?  One second.

7  No, no, no, no, no.  The Court submitted a proposed

8  limiting instruction on this issue that was, I thought,

9  slightly different, it may have been similar but

10 different than what I'm reading both in the Court's

11 charge and, you know what, I have -- all right.

12           Gentlemen, so this is -- this is -- this is

13 the language that we submitted as a prospective limine

14 and -- this was never used.

15           All right.  Gentlemen, the Court is going

16 to -- to modify paragraph ten which deals with evidence

17 on Medicare claims as follows, and obviously, will hear

18 your objections accordingly, if any.

19           It should read:  The Government is not

20 required to prove that each and every claim submitted by

21 the Merida Group entities to Medicare was fraudulent.

22 Nor, is it a defense to the crimes of conspiracy to

23 commit health care fraud (Count One) or health care

24 fraud, (Counts Two through Seven) that Defendant

25 submitted some number of legitimate claims.

1           However, in order for you to find the
2  Defendant guilty of Conspiracy to Commit Health Care
3  Fraud (Count One) or health care fraud (Counts Two
4  through Seven) you must find that the Government proved
5  the elements of these offenses, and -- and I'm going to
6  insert, you must -- you must find that the Government
7  proved the elements of these offenses beyond a
8  reasonable doubt.  Rather than as I instructed you
9  above.
10          MR. TONY CANALES:  But I thought -- didn't
11 you say for that -- for that particular -- for this
12 specific claim.
13          THE COURT:  You must find that the
14 Government proved the elements of these offenses beyond
15 a reasonable doubt.
16          MR. TONY CANALES:  But we're trying -- we're
17 trying those -- the Counts Two to Seven are specific
18 claims, and so you're not going specific claims, you're
19 taking it out because you did say it before, the jury
20 must find the Government prove the elements of the
21 substantive offenses for the -- for that specific claim.
22 And I say specific claim means Counts One, Counts Two to
23 Seven.
24          THE COURT:  Again, gentlemen, let -- let
25 me -- that is the language that's going to appear on

1    page ten as instructed.

2              Let me see it.

3              MR. TONY CANALES:  Okay.

4              THE COURT:  And we'll hear your objections

5    on that shortly.

6              MR. TONY CANALES:  Very well.

7              THE COURT:  All right?  All right.

8              Are there any other issues we can take up

9    while Mauricio's drafting, any other objections?

10             MR. LOWELL:  Yes, Your Honor.

11             Page ten, jury instructions.  Definition of

12   willfully.  It's at the bottom of the page.  We would

13   ask the Court to adopt the jury instruction proposed by

14   Defendant Mesquias.  This is instruction number 14.

15             And, Your Honor, we're showing you on the

16   ELMO the specific instruction that Defendant Mesquias

17   proposed, and within the brackets is an additional

18   sentence that we believe should be included with the

19   Court's -- we would ask the Court to include in its set

20   of instructions.

21             MR. TONY CANALES:  And we have withdrawn

22   that particular request because you've -- I believe you

23   have adequately covered it in paragraph ten, page ten

24   under the relevant term defined of willfully.

25             I think mine is -- I forgot where I got this

1    copy from but I don't think -- I'm withdrawing it.

2              MR. GUERRA:  You need to lose that copy.

3              MR. TONY CANALES:  What's that?

4              MR. GUERRA:  You need to lose that copy.

5              MR. TONY CANALES:  Yeah.

6              MR. GUERRA:  Your Honor, on behalf of

7    Defendant Francisco Pena, we -- we object to the

8    proposed instruction, I guess proposed by the Government

9    and by form proposed by Defendant Mesquias.

10             We believe that the language proposed on

11   page ten under relevant terms defined number two for

12   willfully covers everything in this proposed

13   instruction, including with -- with the idea of -- of

14   knowledge of disobeying or disregard of the law.

15   Therefore, we ask that the Court overrule the

16   Government's objection and keep the instruction as is.

17             MR. TONY CANALES:  And of course we withdraw

18   it.

19             MR. CYGANIEWICZ:  Mr. McInnis joins in that

20   objection, Your Honor.

21             THE COURT:  All right.  Gentlemen, the --

22   the Government's objection is overruled.

23             MR. LOWELL:  Your Honor, on --

24             THE COURT:  In other words, the language

25   will remain the same.

```
1              MR. LOWELL:  Yes, Your Honor.
2              Going to page 15.  And focusing on the count
3    nine obstruction of criminal investigations of health
4    care offenses.  We'd respectfully ask the Court to add
5    an attempt instruction here.
6              MR. GUERRA:  Your Honor, respectfully on
7    behalf of Defendant Francisco Pena, we object to the
8    Government's request.
9              We believe that as written, the instruction
10   contains everything as required under the pattern jury
11   charge, it also includes, at least on a couple of
12   instances where they talk of the attempt.  Every --
13   everything that they have plead in their indictment is
14   covered within the instruction for Count Nine, and
15   therefore, any additional instruction is unnecessary
16   and, therefore, we ask for this to be overruled --
17   sustain the objection.
18             THE COURT:  All right.  Gentlemen, the --
19   Government's, forgive me, the Government's objection is
20   overruled.  The -- the language will remain the same.
21             Anything else?
22             MR. LOWELL:  Your Honor, going to page 16 of
23   the instructions.  Directing the Court to the bottom of
24   the page under Count 12 Conspiracy to Pay and Receive
25   Health Care Kickbacks, paragraph three.
```

1           Paragraph three states that an overt act,

2     there's an overt act requirement under the specific

3     statute and that's inconsistent with the law.

4           I apologize, Your Honor, count -- Count 11

5     Conspiracy to Obstruct Justice under paragraph three

6     right dead-center of the page.  It includes an overt act

7     requirement when one is not required under 1512(k), the

8     section of the statute, so we'd ask the Court

9     respectfully to strike paragraph three.

10          THE COURT:  All right.  Well, one -- one

11    second.  One second.  All right.  That's for the prior

12    objection, gentlemen.  We are now on Count 11.

13          All right.  Let's look at our notes on Count

14    11.  You're saying element number three is -- is -- is

15    incorrect; is that correct?

16          MR. LOWELL:  That's correct, Your Honor.

17          THE COURT:  Any response by the defense?

18          MR. TONY CANALES:  Well, it -- it -- it is

19    true that an overt act is not required for a 1512(k),

20    Your Honor, but when the Government voluntarily

21    submits -- voluntary is an overt act and I think it

22    should be kept there.

23          So they have voluntarily agreed to insert it

24    there in the indictment and I believe the indictment

25    does allege overt acts.

1              Does it allege overt acts?  I thought it

2      did.

3              THE COURT:  And may -- is that 1512(k) in

4      front of me?

5              MR. TONY CANALES:  Yeah.

6              MR. SWARTZ:  Yes, Your Honor.

7              THE COURT:  Can I see that, please?  Please

8      show me what you're referring to.

9              MR. SWARTZ:  It's right here.

10             THE COURT:  All right, gentlemen.  The Court

11     will -- will sustain the objection to delete paragraph

12     number three as to the overt act not required in

13     1512(k).

14             So Mauricio, go ahead and -- and delete

15     paragraph three.  It should only be two paragraphs in

16     that section.

17             All right.  Next, please?

18             MR. LOWELL:  Your Honor, we have an

19     agreement on page 13, this is Count Six.

20             THE COURT:  Well, agreements you don't need

21     to address the Court with.  The Court will grant all

22     agreements, just give those to Mauricio so he can draft

23     it into the -- into the charge.

24             MR. LOWELL:  Yes, Your Honor.

25             THE COURT:  Are there any other objections

```
 1   that need a ruling on by the -- the Government?
 2              MR. LOWELL:  No, Your Honor.
 3              THE COURT:  Mr. Canales, are there any
 4   objections by Defense that need a ruling on?
 5              MR. TONY CANALES:  Yes, Judge, I lost my
 6   notes.  They're here somewhere.
 7              THE COURT:  All right.  Go ahead and
 8   coordinate it, organize that, let's -- let's -- let's
 9   see where we are on the charge.  I'm not leaving.
10              (Brief pause in proceedings.)
11              MR. TONY CANALES:  Can I have just
12   overnight --
13              THE COURT:  No, Mr. Canales, respectfully,
14   first thing in the morning I'm going to read it into the
15   record so your objections need to come now, so go ahead
16   and give me your objections.
17              MR. HECTOR CANALES:  Just make it, just say
18   it.
19              MR. TONY CANALES:  Okay, Your Honor, let me.
20              MR. HECTOR CANALES:  All right, you asked --
21              MR. TONY CANALES:  I circled some stuff here
22   that I didn't -- I'm coming, Judge, I'm -- okay, Judge,
23   we have a couple of references.
24              I'm going to start with count -- page 14,
25   paragraph -- page 14, paragraph three, at the bottom it
```

1    says, paragraph number one, this is under the

2    instruction on the counts listed in the indictment as to

3    Count One.  It says, the Defendant and at least one

4    other person made an agreement to commit the crime of

5    health care fraud as charged in the indictment.

6            I submit to the Court I do not know what in

7    the indictment means.  Let me go back and get some other

8    things that I saw there.

9            We would object to that language, Judge.

10           One more.  I see it in Count Number 11 at

11   page 20.  It says, Count 11 Conspiracy to Obstruct

12   Justice.  Paragraph one, the Defendant and at least one

13   other person made an agreement to commit the crime of

14   obstructing justice as charged in the indictment.

15           One more.  We object to Count 12, the

16   Court's charge where you say, Count 12, paragraph one,

17   the Defendant and at least one other person made an

18   agreement to commit the crime of paying or receiving

19   kickbacks as charged in the indictment.

20           And of course, we're supposed to -- this --

21   I object to that language as charged in the indictment.

22           I saw one here that we agreed to, by the

23   way, Mr. Swartz, paragraph three.  One of the

24   conspirators during the existence of the conspiracy --

25   I'm going to slow down, sorry -- knowingly committed at

1    least one of the overt acts described.

2              I thought we had agreed to that one.

3              MR. SWARTZ:  Are you looking at Count 12?

4              MR. TONY CANALES:  Yes, sir.  I thought we

5    had agreed.

6              MR. SWARTZ:  Count 12 is 18 U.S.C. 1371

7    which does have an overt act requirement.  We were

8    talking about --

9              MR. TONY CANALES:  You're right, you're

10   absolutely right, you're right, I'm sorry, take it back.

11   371 conspiracy I should know this, I'm the one that made

12   the bad law in the Fifth Circuit.  371 conspiracy does

13   require an overt act and they say overt act.  I'm sorry,

14   Your Honor, I thought we were talking about --

15             THE COURT:  Revised Count 11.

16             MR. TONY CANALES:  Count 11, that's where we

17   dropped it.

18             THE COURT:  Count 12 retains the overt act

19   and count 11 removes.

20             MR. TONY CANALES:  Does not.  Count 11 talks

21   about as charged in the indictment; I submit to the

22   Court we object to the way the charge is written because

23   as charged in the indictment is vague and I just do not

24   understand it.

25             So that's my objection.

```
 1              THE COURT:  All right.  So there -- the rest
 2   of your objections are to references that deal with --
 3   as charged in the indictment, correct?
 4              MR. TONY CANALES:  Yes, Your Honor.  And I
 5   had already -- before that I had already made some other
 6   objections.
 7              THE COURT:  Government's response?
 8              MR. SWARTZ:  Your Honor, at the outset of
 9   the case the jury -- the jury members did hear the
10   entirety of the indictment, so I think the -- the issue
11   would be does including the word as charged in the
12   indictment create confusion for the jurors?  They heard
13   the indictment so I would submit that it doesn't create
14   any confusion for the jurors.
15              MR. TONY CANALES:  Very well.
16              THE COURT:  Well, the ruling -- the
17   objection to that global objection to that -- that
18   phrasing is overruled.
19              MR. TONY CANALES:  Yes, Your Honor.
20              THE COURT:  Are there any other objections,
21   Mr. Canales?
22              MR. TONY CANALES:  None other than what we
23   said before on the --
24              THE COURT:  No, no, obviously everything --
25   you've already to that's all part of the record.
```

1          MR. TONY CANALES:  Yes, Your Honor.

2          THE COURT:  As has the Government.

3          MR. TONY CANALES:  I finished for tonight.

4          MR. CYGANIEWICZ:  And on behalf of

5    Mr. McInnis, also, we join in those objections.

6          THE COURT:  As I stated, the rulings apply

7    to all three Defendants.

8          MS. ARCE-FLORES:  Thank you, Judge.

9          THE COURT:  And all three Defendants asked

10   that they align themselves with the objections given by

11   Mr. Canales.

12          MS. ARCE-FLORES:  Thank you, Judge.

13          MR. CYGANIEWICZ:  Your Honor, Mr. McInnis

14   has one more specific objection as to on page 14.  I

15   spoke to Mr. Swartz about this and he's kind of left it.

16          But the instructions regarding Count One at

17   the bottom says that Defendant joined in the agreement

18   willfully.  We are proposing that it also should include

19   and knowingly.  It mentions above for anyone to

20   knowingly and willfully combine, that tracks the

21   statute, it tracks the indictment.

22          Again, on page 14, paragraph three, it says

23   the Defendant joined in the agreement willfully, it

24   should -- we -- we suggest and we request that it should

25   say willfully and knowingly.

1           MR. SWARTZ:  And, Your Honor, in response to

2    that, I think he's conflating the language of the health

3    care fraud statute with the language pertaining to

4    conspiracy.

5           And the pattern charge relating to

6    conspiracy says that the Defendant knew the unlawful

7    purpose of the agreement and joined in it willfully,

8    that is with the intent to further the unlawful purpose.

9           So the -- the language in the -- in the

10   Court's draft instruction says they enjoined -- joined

11   in the agreement willfully.  So the -- the pattern

12   instructions don't include the word knowingly with

13   respect to conspiracies, so I think as drafted the

14   language proposed by the Court tracks the language of

15   the pattern charge.

16          THE COURT:  The objection is overruled.  The

17   Court has attempted to as much as possible rely and --

18   and use the pattern jury charge.  All right.  Anything

19   else?

20          MR. CYGANIEWICZ:  Thank you, Your Honor.

21          THE COURT:  All right.  Anything else?

22          MS. ARCE-FLORES:  Nothing else.

23          THE COURT:  Ms. Arce-Flores, nothing else on

24   behalf of Dr. Pena?

25          MS. ARCE-FLORES:  Nothing else aside from

1   what Mr. Canales and Mr. Cyganiewicz objected to.

2              THE COURT:  Thank you, everyone.

3              We'll be in recess.

4              ALL COUNSEL:  Thank you, Your Honor.

5              (COURT IN RECESS.)

6

7                   REPORTER'S CERTIFICATE

8

9      I certify that the foregoing is a correct transcript

10   from the record of proceedings in the above-entitled

11   matter.

12

13

14      _/s/Sheila E. Perales._____
        SHEILA E. HEINZ-PERALES CSR RPR CRR
15      Exp. Date:  January 31, 2021

16

17

18

19

20

21

22

23

24

25